Dear Ms. Kattengell:
You have requested this office to reconsider Attorney General Opinion No. 02-0267 regarding three propositions relating to tax revenues, and whether they violate Section 6-01 of the St. Bernard Parish Home Rule Charter (Charter). In connection with this request, you have presented additional information which was not made available to us at the time of issuance of Opinion No. 02-0267. The three proposals request approval of propositions which may culminate in the holding of elections to provide funds for (i) increasing salaries for firefighters and providing for improvements to the fire protection facilities of St. Bernard Parish (Parish); (ii) increasing salaries for Public Works employees; and (iii) increasing salaries for Water and Sewer Department employees.
Article VI of the Charter pertains to "Initiative, Referendum, Recall, and Removal by Suit". Section 6-01 provides in pertinent part:
Sec. 6-01. Initiative and referendum.
 The electors of the parish shall have the power, except as herein restricted, to propose to the council passage or repeal of ordinances and to vote on the question if the council refuses action. This power shall not extend to the proposing or repealing of ordinances making or reducing the appropriation of money, to the repeal or reduction of the levy of any taxes, or to the change of salaries of parish government officers or employees. (Emphasis added.)
The approval of these propositions by the electors of the Parish would result in a source of tax revenue available to the St. Bernard Parish Council (Council) for appropriation and expenditure in accordance with the terms of the propositions. See Louisiana Association of Educatorsv. St. Tammany Parish School Board, 430 So.2d 1144, 1147 (La.App. 1st cir. 1983).
The basic tenets of statutory construction and interpretation which apply to the Charter are found in the Louisiana Civil Code and Title 1 of the Louisiana Revised Statutes. These tenets are applicable, not only to state statutes, but also to municipal and parochial ordinances. Libertov. Rapides Parish Police Jury, 667 So.2d 552 (La.App. 3rd Cir. 1995), rehearing denied. The applicable provisions are adequately enumerated in Opinion No. 02-0267.
Implementing these interpretive guidelines, we believe that one could come to the conclusion that the propositions, in and of themselves, do not "change the salaries of Parish government officials or employees". To the contrary, the ultimate authority to implement and actually change the salaries of Parish officers and employees is contained in Article IV, Section 4-9(3) of the Charter. It provides for a pay plan for all Parish positions to be recommended by the Department of Personnel, subject to the approval of the Parish President and adoption by the Council through ordinance. Thus, it is the Council, not the voters, which possesses the authority to change the salaries of Parish officers and employees.
The propositions are intended to provide a source of tax revenue for the governing authority to fund pay increases and other departmental measures. While the purposes of the propositions, including salary increases, are to be adhered to by the governing authority in its administration of the resulting funding, wide discretion is accorded relative to the disbursement of tax receipts. See State ex rel. Rath v.Jefferson Parish School Board, 19 So.2d 153, 167 (1943) and LouisianaAssociation of Educators v. St. Tammany Parish School Board, citedsupra. Indeed, within the broad confines of the proposition, the governing authority is free to fashion pay raises or other employment conditions in any manner that it sees fit, be it unilaterally or through collective bargaining. See Davis v. Henry, 555 So.2d 457, 462 (1990). In other words, the salary increases made possible by virtue of voter-adoption of the propositions would be implemented under the direction of the Parish Council. The voting electorate will only state the purposes of the new tax, not any actual "changes of salaries".
Accordingly, based upon the additional information furnished this office, it is our opinion that the three propositions in question do not violate Section 6-01 of the Charter. Opinion No. 02-0267 is hereby modified in this regard. The remaining conclusions expressed therein and the sound reasoning therefor are hereby reaffirmed.
With kindest regards, I am,
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ Robert E. Harroun, III Deputy Attorney General
REH:ggj
DATE RELEASED: October 22, 2002